Lueders, J.
A paper writing purporting to be the last will and testament and also a codicil thereto of Helen Schrader, deceased, is presented to this court for the purpose of admitting same to probate and record.
The witnesses to said will and codicil thereto testify that said Helen Schrader, at the time of the signing of said will and codicil, was of sound mind and memory, and under no undue influence or unlawful restraint; that she was more, than eighteen years of age, and had published and declared said paper writing to be her last will and testament and also her codicil thereto; that the same were signed in. their presence, and that they as witnesses signed their respective names in her*,presence, at her request, and in the presence of each other. That said Helen *434 Schrader has departed this life, and died a resident of Cincinnati, Hamilton county, Ohio.
It appears that all other requirements of the statute as to the making of a will and codicil and to admit the same to probate have been complied with.
In making disposition of her property she devises the sum of one hundred dollars to one Herminie Witthauer, or to her son, Karl Witthauer, both residing in Germany; and by Item 8 of said will she makes the following disposition:
“I give, devise and bequeath all and entirely the rest and remainder of my property of every kind, real, personal or mixed, wherever situated, wherever and whenever acquired, to the Chancellor of the German Empire, in trust, to be received, used, expended or distributed by him in his official capacity at his best discretion, for the benefit, .assistance and comfort of needy German soldiers, who are or shall become maimed, injured or crippled in the war now in progress, their widows or orphans. My said trustee shall be excused from rendering bond or accounting, except as may be the required routine of his office administration in Germany in the execution of his trust.”
■Said will is dated July 18th, 1916.
A codicil to said last will and testament reads as follows:
"My last will wishes deposited as in probate court, I don’t wish opened until six months after the end of the European war. My belongings that are now with my friend, Mrs. Lubbing, shall belong to her. Also the $1,000 Mascot Mine Bond of Idaho, which is in my safety deposit box. The rest of my affairs are taken care of in my other will.”
This codicil bears the date of December 16th, 1917.
Probate of this will and codicil is resisted by the nephew and niece of said Helen Schrader, and they contend that as this government was, at the time of the death of Helen Schrader, and is now, at war with the Government of Germany, that the residuary devise under Item 8th of the will is contrary to public policy, illegal, immoral, and if said will is admitted to probate will give aid and comfort to the enemies of this government in violation of Section Article III of the Constitution of the United States, which reads as follows:
*435 “Art. Ill, See. 3. Treason against the United States shall consist only in levying war against them, or in adhering to their enemies, giving them aid and comfort.”
And for that reason probate of the will and codicil should be refused. By this contention it is sought to contest the validity of certain bequests.
The first inquiry will be, is there power in this court inherent or by statute to declare upon an application to admit to probate a will, that a devise therein is against public policy, illegal, immoral or that it gives aid and comfort to the enemies of the United States and therefore, or for any other reason, refuse probate of the same.
No one will contend that there is a statute which expressly confers such powers. The probate court is a court of limited jurisdiction deriving all its powers from the statutes. In the exercise of such powers it is supreme, and it must follow that every inherent right which it possesses must be inseparable from such statutes, but essential in the exercise of the powers expressly conferred; beyond the statutes there can be no powers vested in this court. The right to admit or refuse to admit a will to probate is expressly conferred by statute upon this court. Section 10519 of the General Code provides:
“If it appear that such will was duly attested and executed, and that the testator at the time of executing it was of full age, sound mind and memory and not under restraint, the court shall admit the will to probate. ’ ’
Conferring power, therefore, upon this court to admit wills to probate when Section 10519 has been complied with, does not enlarge the jurisdiction of this court so as to declare a devise in any way illegal, immoral or void.
In this ease the court having found that all the requirements of the statute were complied with, the will must be admitted to probate, and there the power of this court ends.
It must be remembered that this is an application to admit the will to probate — not a contest of the will. The application to make probate of a will is not included in the definition either- *436 of an action or suit. It belongs neither to the common law nor equity jurisdiction of our courts, but appertains to the ecclesiastical jurisdiction of the English courts which is expressly conferred upon our probate courts. The proceedings to make probate of a will are in a sense ex parte, not adversary. No one Is necessarily before the court other than the party applying to prove the will. No judgment is given.
The admission to probate of a will is only prima facie evidence of its validity and its contents and becomes conclusive only after the statutory period for a contest. Then again probate is prerequisite to a contest, the power of a contest being expressly conferred upon the court of common pleas, and the mode prescribed by statute.
It will be observed that every contest (if that term may be used), upon the application to admit a will to probate, relates to the requirement of Section 10519 of the General Code above quoted, and not to the validity of any devise contained in such will.
Then again this will contains devises not affected by the contention made to Item 8.
It will not be contended that the will may be admitted to probate in part and rejected in part; a will must be either admitted or rejected in its entirety.
The probate of this will preserves to all parties in interest their respective rights, and also their day in court. A refusal to admit this will to probate would be a denial of such rights.
The testatrix in her codicil expressed a wish that her will be not probated or opened until six months after the end of the present European war. This is merely a request to this court and of itself does not go either to the validity or invalidity of any devise, nor affect the powers of this court under Section 10519, General Code. This request will be disregarded for the reason that the property of the decedent must be taken legally possession of and preserved in the interest of creditors and legatees.
This can only be done by the appointment of some suitable person as administrator with the will annexed, the persons named in said will to administer said estate having declined to serve.
*437 Neither is this court concerned at this time as to the distribution of this estate to any legatee.
For the present the estate will remain under the control of this court and every payment will be subject to its order.